United States District Court
Southern District of Texas
**ENTERED**
February 17, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FOUAD ABOU-TRABI, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-02109 |
| | § | |
| GREEN TREE SERVICING, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced cause are Defendant Federal National Mortgage Association's ("Fannie Mae") Motion to Strike Plaintiff Fouad Abou-Trabi's ("Abou-Trabi") Amended Complaint and Alternative Motion to Show Cause for Failure to Timely Amend Complaint (Doc. 16) and Defendant's Motion for Entry of Protective Order (Doc. 21). After considering the motions, responses, replies, and relevant law, the Court is of the opinion that Defendant's Motion to Strike (Doc. 16) should be granted. As a result, Defendant's Motion for Entry of Protective Order (Doc. 21) is rendered moot.

### I. Background

On June 26, 2014, Abou-Trabi filed his Verified Original Petition and Application for Temporary Restraining Order and Request for Disclosure against Defendant Green Tree ("Green Tree") in Harris County District Court, seeking to stop the foreclosure sale of his property and obtain a declaration of the amount owed on the loan. (Doc. 1-3 at 1.) Abou-Trabi also alleged causes of action for violations of the Texas Finance Code and Federal Fair Debt Collection Practices Act. (*Id.* at ¶¶ 20–26.) On July 23, 2014, Green Tree timely removed the case to federal court on the basis of federal question and diversity jurisdiction. (Doc. 1.) Filed with this Notice of Removal was Green Tree's Certificate of Interested Persons, which included a number of

Green Tree-related entities but did not list any owner of the Note. (Doc. 18 at ¶ 3; *see also* Doc. 2.)

On July 24, 2014, Green Tree sent a letter to Abou-Trabi's counsel, which stated that Fannie Mae was the owner of the Note. (Doc. 18-2.) In light of this revelation, Abou-Trabi filed his Certificate of Interested Parties on July 31, listing Fannie Mae as "the undisclosed owner of the loan." (Doc. 5.) Two weeks later, on August, 14, Green Tree filed its First Amended Certificate of Interested Parties/Corporate Disclosure Statement to include Fannie Mae as the owner of the Note. (Doc. 7.) On December 3, 2014, a scheduling conference was held and the Court entered its Scheduling Order designating January 5, 2015, as the deadline to file a Motion to Leave to Amend Pleadings and Join New Parties. (Doc. 12.) During this conference, Abou-Trabi indicated that he intended to file an amended complaint adding Fannie Mae as a Defendant. (Docs. 16 at ¶ 6; 18 at ¶ 12.) Because the time to amend under Rule 15(a) had expired, Green Tree's counsel agreed to allow the filing of Abou-Trabi's amended complaint as long as it was filed by the deadline set forth in the Scheduling Order. (Doc. 16 at ¶ 6.)

On December 8, 2014, Plaintiff's counsel submitted a proposed Agreed Order Allowing Amended Complaint ("Agreed Order"), which extended the deadline to file the amended complaint until January 12, 2015. (Doc. 16-1.) Both parties signed the Agreed Order and it was sent to chambers via U.S. Mail. (*see* Doc. 18-1.) However, it was never signed and docketed. (Docs. 16 at ¶ 8; 18 at ¶ 14.) On February 18, 2015, just over two months after mailing the Agreed Order and a month after the date memorialized in it had passed, Abou-Trabi filed his Amended Complaint without leave of this Court, listing Fannie Mae as an additional defendant. (Doc. 13.)

On March 16, 2015, Fannie Mae signed a Waiver of the Service of Summons. (Doc. 15.)

Exactly one month later, Fannie Mae filed its Original Answer to Plaintiff's Amended Complaint Subject to its Motion to Strike and Alternative Motion to Show Cause for Failure to Timely Amend Complaint (Doc. 17) and the pending Motion to Strike (Doc. 16). On April 29, 2015, Abou-Trabi then served Fannie Mae with Discovery Requests.[1] (Doc. 21-1.) Then, on May 7, 2015, Abou-Trabi filed his Response to Fannie Mae's Motion to Strike. (Doc. 18.) Fannie Mae filed its Reply to Plaintiff's Response on May 13, 2015 (Doc. 19) and, on May, 29, 2015, filed a Motion for Entry of Protective Order, seeking "protection from responding to Plaintiff's discovery requests until such time that the Court rules on Fannie Mae's pending Motion to Strike Plaintiff's Amended Complaint." (Doc. 21 at ¶ 8.)

## II. Legal Standard

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings." *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam) (unpublished). Rule 15(a) provides "[a] party may amend its pleadings once as a matter of course within: 21 days of serving it or, if a responsive pleading is required, 21 days after service of a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The standard of 15(a) is a liberal one, and there is generally a presumption in favor of granting leave to amend. *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 386 (5th Cir. 2003). As a result, a motion for leave to amend should not be denied unless

---

[1] Although titled "Second Discovery Requests," this was Abou-Trabi's first discovery request to Fannie Mae.

there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman*, 371 U.S. at 182; *U.S. ex rel. Willard*, 336 F.3d at 386.

However, when a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings. *Texas Indigenous Council v. Simpkins*, 544 Fed. App'x 418, 420 (5th Cir. 2013) (per curiam) (unpublished). Under Rule 16(b), once a scheduling order's deadline has passed, that scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Accordingly, in order for the more liberal standard of Rule 15(a) to apply to a post-deadline amendment, a party "must show good cause for not meeting the deadline." *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (internal citation and citation marks omitted). The good-cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama*, NA, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)) (internal citation marks omitted). Four factors are relevant in determining whether the movant has good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal citation and citation marks omitted).

### III. Analysis

In this case, Abou-Trabi did not seek this Court's leave before filing his Amended

Complaint. Accordingly, "the defendants could not oppose the amendment, and this court could not evaluate the factors that apply [to amendments]." *Vlasek v. Wal-Mart Stores, Inc.*, CIV.A. H-07-0386, 2007 WL 1481071, at *1 (S.D. Tex. May 21, 2007) (granting defendants' motion to strike because plaintiff filed an amended complaint without seeking leave of court and allowing parties opportunity to brief on the 15(a) factors). On these grounds alone the Court could sustain Fannie Mae's motion.

However, the Court also notes that on the basis of the filings, Abou-Trabi has failed to meet the good-cause standard that applies under Rule 16(b). Although Abou-Trabi argues that "[t]here is nothing in Rule 16 that prohibits the Court from allowing the addition of Fannie Mae" (Doc. 1 at 21), he fails to understand that the Court evaluates four factors in determining whether good cause exists. In this case, the Court agrees with Defendant that Plaintiff has failed to provide an explanation for the failure to timely move for leave to amend.

Abou-Trabi argues that counsel for Green Tree "hid Fannie Mae's interest in the loan." Even if this statement were true, the record demonstrates that Abou-Trabi had knowledge of Fannie Mae's involvement by sometime between receiving the letter from Green Tree on July 24, 2014, and listing Fannie Mae in Plaintiff's Certificate of Interested Parties on July 31, 2014. (*See* Doc. 18 at ¶¶ 7–8.) Furthermore, Green Tree confirmed Fannie Mae's interest in its Amended Certificate of Interested Parties/Corporate Disclosure Statement filed August 14, 2014. (*Id.* at ¶ 9.) Abou-Trabi again confirmed knowledge of Fannie Mae's interest and his plan to amend his complaint when he sought (and received) permission from counsel for Green Tree to extend the deadline to file an amended complaint to January 12, 2015. (*See* Doc. 16-1 at 1–2.)

The record in this case is clear. Abou-Trabi had knowledge of Fannie Mae's involvement for over seven months, announced to counsel for Green Tree he planned to amend to add Fannie

Mae over a month before the amended deadline, and still failed to timely file the amended complaint. Nowhere in his filings does he explain how the Court's "deadlines [could not] reasonably [have been] met despite [Plaintiffs] diligence" as required under 16(b). *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama*, NA, 315 F.3d 533, 535 (5th Cir. 2003). Abou-Trabi also raises a number of other irrelevant arguments and issues that the Court need not address at length.[2] (*See* Doc. 18.) Accordingly, the Court concludes that Abou-Trabi has failed to satisfy the good-cause standard under Rule 16.

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant Fannie Mae's Motion to Strike (Doc. 16) is **GRANTED**. Defendant's Motion for Entry of Protective Order is thereby rendered **MOOT**.

SIGNED at Houston, Texas, this 17th day of February, 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[2] For example, Abou-Trabi states at one point: "Fannie Mae knew [the amended complaint] was coming. There was no surprise. There was no deception." (Doc. 18 at ¶ 15.) While this statement may be relevant in the context of the third factor—prejudice—the Court fails to understand how it explains Plaintiff's untimeliness, particularly in light of the agreed extension to modify that he then disregarded. Abou-Trabi's counsel also states that other attorneys have been deceitful in disclosing the interest of servicers who are their clients. (Doc. 18 at ¶ 10.) However, this statement is completely irrelevant. Moreover, the case cited for this proposition deals with entirely different attorneys and servicers. (*See id.* at n.1.) Finally, Abou-Trabi argues that good cause exists because Fannie Mae waived service, answered the First Amended Complaint, and Green Tree acted as if Fannie Mae were already a party in its first discovery responses. (*Id.* at ¶¶ 15–17.) These issues are again irrelevant to timeliness. As Fannie Mae correctly points out, "[t]he waiver of service did not waive Fannie Mae's right to object to Plaintiff's untimely filing of his Amended Complaint, and expressly provides that the party waiving service 'will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of action.' " (Doc. 19 at ¶ 13 (quoting Doc. 15).) Moreover, Fannie Mae's Answer was titled "Defendant Federal National Mortgage Association's Original Answer to Plaintiff's Amended Complaint *Subject to its Motion to Strike and Alternative Motion to Show Cause for Failure to Timely Amend Complaint*." (*See* Doc. 17 at 1.) (emphasis added).